IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
NILGUN GADIME,                                     :
on behalf of plaintiff and a class,                :
                                                   :
                Plaintiff,                         :
                                                   :
        vs.                                        :
                                                   :
LAW OFFICE MULLOOLY, JEFFREY,                      :
ROONEY & FLYNN, LLP.,                              :
                                                   :
                Defendant.                         :
-------------------------------------------------- x
```

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Nilgun Gadime brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.

9. Venue and personal jurisdiction in this District are proper because:

  a. Defendant's collection communications were received by plaintiff within this District;

  b. Defendant transacts business within this District.

## PARTIES

10. Plaintiff Nilgun Gadime is an individual who resides in East Meadow, NY.

11. Defendant Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP., is a law firm organized as a New York limited liability partnership with offices at 6851 Jericho Tpke., Suite 220, Syosset, New York 11791.

12. Defendant Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP is engaged in the business of collecting debts owed to others, using the mails and interstate wires to collect debts originally owed to others.

13. Defendant Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP. is a debt collector as defined in the FDCPA.

## FACTS

14. Defendant has been attempting to collect from plaintiff an alleged medical bill incurred for personal, family or household purposes and not for business purposes.

15. On or about March 17, 2016, defendant Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP, sent plaintiff the letter attached as Exhibit A.

16. Exhibit A was sent by Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP., on behalf of North Shore University Hospital at Plainview.

17. Exhibit A is the first letter plaintiff received from defendant regarding the debt described therein.

18. On information and belief, Exhibit A is the first letter defendant sent plaintiff regarding the debt described therein.

19. On information and belief, Exhibit A is a form letter intended for use by defendant as the initial letter sent to a putative debtor. It has form numbers and bar-coded address and return addresses. Bar-coding is required by the postal service for discounted postage when more than 500 similar pieces of mail are sent at the same time.

20. Exhibit A claims a "amount due" of $8,746.35 and states the patient is Taner Bora Gadime.

21. On March 31, 2016, plaintiff disputed the debt, sending the letter attached as Exhibit B.

22. On or about April 12, 2016, defendant Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP, sent plaintiff the letter attached as Exhibit C, showing that the alleged debt was actually a composite of two different debts, one for her son Taner Bora Gadime and one for her daughter Aylin Gadime.

23. Aylin Gadime is the adult child of plaintiff. Plaintiff is not liable for her medical bills.

24. On information and belief, dunning a parent for the debt of an adult child is a

common practice now that a child may remain on a parent's insurance until that child is 26. This gives rise to a substantial number of cases where the child is on the parent's insurance but the parent is not liable for any amounts not covered by insurance.

25.     Plaintiff was upset and distressed at defendant's collection efforts. Plaintiff also spent time and money disputing the debt and determining that defendant was trying to hold her liable for her adult daughter's debt.

## COUNT I - FDCPA

26.     Plaintiff incorporates paragraphs 1-25.

27.     Defendant violated 15 U.S.C. §§1692g, 1692e, 1692e(2) and 1692e(10) by (a) including multiple accounts on <u>Exhibit A</u> (b) without identifying them. As a result, the resulting "total due" does not represent the total due on the one debt that is identified or on any other identifiable debt.

28.     Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the**

current creditor.

**(b) Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

29. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)   The false representation of--

   (A)   the character, amount, or legal status of any debt; . . .

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

      **consumer . . . .**

## CLASS ALLEGATIONS

30.     Plaintiff brings this claim on behalf of a class.

31.     The class consists of (a) all individuals in New York (b) to whom defendant sent a letter including two or more accounts as a single account (c) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

32.     On information and belief, based on the use of a form letter, the class is so numerous that joinder of all members is not practicable.

33.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the inclusion of two or more accounts violates the FDCPA.

34.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35.     A class action is appropriate for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible;

      b.     Members of the class are likely to be unaware of their rights;

      c.     There is no reason for multiple identical actions.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

      (1) Statutory damages;

      (2) Attorney's fees, litigation expenses and costs of suit;

      (3) Such other and further relief as the Court deems proper.

## COUNT II - FDCPA

36. Plaintiff incorporates paragraphs 1-25.

37. Defendant violated 15 U.S.C. § 1692e, 1692e(2) and 1692e(10) by dunning the parent for the debt of an adult child and using deception to conceal the fact that is what it was doing.

38. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)** The false representation of--
>
>     **(A)** the character, amount, or legal status of any debt; . . .
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . .

## CLASS ALLEGATIONS

39. Plaintiff brings this claim on behalf of a class.

40. The class consists of (a) all individuals in New York (b) to whom defendant sent a letter (c) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action, (d) seeking to collect the debt of an adult child.

41. On information and belief, based on the common problem of adult children who are still on their parent's health insurance but where the parent is not liable for amounts not paid by insurance, the class is so numerous that joinder of all members is not practicable. If this common situation was mishandled by defendant in this case, it is because defendant's systems are not set up to deal with it.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant's practice violates the FDCPA.

43.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

44.     A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible;

    b.     Members of the class are likely to be unaware of their rights;

    c.     There is no reason for multiple identical actions.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages;

(2) Actual damages for class members who paid the medical debt of an adult child.

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

s/Tiffany N. Hardy
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Courtecl@edcombs.com

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                               <u>sTiffany N. Hardy</u>
                                               Tiffany N. Hardy

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                                s/Tiffany N. Hardy
                                                Tiffany N. Hardy

## CERTIFICATE OF SERVICE

    I, Tiffany N. Hardy, hereby certify that on February 10 2017, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system I further certify that the foregoing document will be sent to a process server to be served via hand delivery upon the following party:

    Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP,
    6851 Jericho Tpke., Suite 220
    Syosset, New York 11791

    s/Tiffany N. Hardy
    Tiffany N. Hardy
    EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
    20 South Clark Street, Suite 1500
    Chicago, Illinois 60603
    (312) 739-4200
    (312) 419-0379 (FAX)