UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

NILGUN GADIME, an individual; on behalf of herself and all others similarly situated,

                Plaintiffs,

vs.

LAW OFFICE MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP,

                Defendant.

---------------------------------------------------------x

CASE NO.: 2:17-cv-00777-JMA-AKT

**CONSENT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT**

PLEASE TAKE NOTICE THAT upon this Notice of Motion and Motion, Plaintiff, Nilgun Gadime, on behalf of herself and all others similarly situated, and on consent of Defendant, Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP ("MJRF"), will move this Honorable Court, on a date and time to be determined by the Court in Courtroom 920 at the United States Court House, for the Eastern District of New York, which is located at 100 Federal Plaza, Central Islip, New York 11722, for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement.

Specifically, the Parties will jointly request this Court, pursuant to Fed. R. Civ. P. 23, enter an Order certifying this case to proceed as a class action, and granting preliminary approval of their Settlement, on behalf of the following class:

> All persons with addresses in the State of New York, to whom The Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP mailed a written communication between February 10, 2016, and March 2, 2017, which sought to collect a medical debt from the parent of an adult child.

In support of this motion, Plaintiff respectfully states the following:

1. Plaintiff's Complaint alleges MJRF engaged in false, deceptive, and unfair collection practices, and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq*. ("FDCPA") by mailing letters to collect defaulted medical debts in which it: (i) combines one or more accounts belonging to an adult child into a single account; and (ii) sends the dunning letter to the parent of adult child, who is not legally responsible for payment of the debt. [Doc. 1]. Plaintiff's Complaint alleges MJRF's foregoing letters were false, deceptive, and misleading in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10). *Id.*

2. All requirements of Fed. R. Civ. P. 23 have been met.

3. MJRF has denied all liability to Plaintiff and the Settlement Class. [Doc. 14]. However, MJRF has provided documentation to Plaintiff concerning the number of class members. Specifically, MJRF has disclosed there are approximately 525 persons who fit within the class definition and, therefore, are in the Settlement Class.

4. There are questions of law and fact common to the Settlement Class, which issues predominate over any issues affecting only individual class members. The common factual issue is that MJRF mailed Plaintiff and each Class Member *standardized*, computer-generated, letters seeking to collect defaulted medical debts in which it: (i) combines one or more accounts belonging to an adult child into a single account; and (ii) sends the dunning letter to the parent of adult child, who is not legally responsible for payment of the debt. The common legal issues are whether MJRF's foregoing collection letters violated 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

5. There are no individual issues other than identifying the individual class members, a ministerial task MJRF already accomplished by reviewing its business records.

6. Plaintiff's claims are typical of those of the class members—all are based on the same alleged facts and legal theories.

7. The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation.

Moreover, neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action.

8. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    (a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2);

    (b) Most class members are unaware of their rights and have no knowledge their rights were allegedly violated by MJRF;

    (c) The interest of class members to individually control the litigation is small because statutory damages in an individual action are limited to a recovery of *up to* $1,000.00; and

    (d) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

9. Accordingly, Plaintiff, on MJRF's consent, respectfully requests certification of a class action and preliminary approval of the Parties' class settlement agreement pursuant to Rule 23(b)(3). The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declaration of Abraham Kleinman, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by the Parties' counsel with respect to this motion.

Respectfully submitted this 3rd day of November 2017.

        *s/ Abraham Kleinman*
        Abraham Kleinman
        KLEINMAN LLC
        626 RXR Plaza
        Uniondale, NY 11556-0626
        Telephone: (516) 522-2621
        Facsimile: (888) 522-1692
        E-Mail: akleinman@kleinmanllc.com

        *Attorneys for Plaintiff, Nilgun Gadime, and all others similarly situated*