UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

NILGUN GADIME, an individual; on behalf of herself and all others similarly situated,

                  Plaintiffs,

vs.

LAW OFFICE MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP,

                  Defendant.

---------------------------------------x

CASE NO.: 2:17-cv-00777-JMA-AKT

**CONSENT NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT**

      PLEASE TAKE NOTICE THAT upon this Notice of Motion and Motion, Plaintiff, Nilgun Gadime, on behalf of herself and the certified class, and on consent of Defendant, Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP ("MJRF"), will move this Honorable Court, on January 3, 2019 at 3:00 p.m., in Courtroom 6E at the United States Court House, for the Eastern District of New York, which is located at 225 Cadman Plaza East, Brooklyn, New York 11201, for an Order certifying this case to proceed as a class action and granting final approval of the Parties' class settlement agreement.

      Specifically, Plaintiff will move this Court pursuant to Federal Rule of Civil Procedure 23, for an Order: (1) granting final approval of Settlement on the terms and conditions set forth in the Parties' Settlement Agreement [Doc. 24-2] and the Court's Order Granting Preliminary Approval [Doc. 27]; (2) finally certifying a class, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3); (3) releasing MJRF from all claims and dismissing with prejudice all claims of Class Members who did not timely exclude themselves from the Settlement; (4) approving payments to Plaintiff, Class Members, and Class Counsel; (4) retaining continuing jurisdiction over the settlement proceedings, to ensure the effectuation thereof in accordance with the Agreement and Final Approval Order; and (6) granting related orders and findings as are set forth in the Proposed Final Approval Order, to be submitted by the Parties.

In support of this motion, the Plaintiff respectfully states the following:

1. Plaintiff's Complaint alleges MJRF engaged in false, deceptive, and unfair collection practices, and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") by mailing letters to collect defaulted medical debts in which it: (i) combines one or more accounts belonging to an adult child into a single account; and (ii) sends the dunning letter to the parent of adult child, who is not legally responsible for payment of the debt. [Doc. 1]. Plaintiff's Complaint alleges MJRF's foregoing letters were false, deceptive, and misleading in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10). *Id.* MJRF has denied all liability to Plaintiff and the Settlement Class. [Doc. 14].

2. On November 3, 2017, Plaintiff filed a Consent Motion for Preliminary Approval of the Parties' Class Settlement Agreement. [Doc. 24].

3. On September 28, 2018, the Court entered an Order Granting Preliminary Approval to the Parties' Class Settlement Agreement. [Doc. 27] (the "Order"). The Court's Order specifically found that the proposed terms of the settlement satisfied all the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3), and preliminarily certified the Settlement Class of those individuals who meet the following definition:

> All persons with addresses in the State of New York, to whom The Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP mailed a written communication between February 10, 2016, and March 2, 2017, which sought to collect a medical debt from the parent of an adult child.

*Id*. at ¶1(a). The Order further established a procedural framework for the final approval of the settlement, appointed a Settlement Administrator, required the Parties to implement the Court's Notice Plan for providing notice to members of the above defined Class, and further set deadlines and procedures for Class Members to return a claim form, request exclusion from, or to object to the Settlement, and set a date and time for the fairness hearing. *See id.* ¶¶1-8.

4. On October 11, 2018, in accordance with the Class Action Fairness Act, 28 U.S.C. §1715(b) ("CAFA"), MJRF served the notices required by CAFA on each attorney general of a state in which a Class Member resides, as well as the United States Attorney General. [Doc. 28]. None of the attorneys general objected to the Settlement.

5. In accordance with the Court's Order, the Parties and Settlement Administrator have successfully implemented the Court's Notice Plan. Consequently, as demonstrated below, the Agreement is now ripe for this Court's final approval.

6. There are questions of law and fact common to the Settlement Class, which issues predominate over any issues affecting only individual Class Members. The common factual issue is that MJRF mailed Plaintiff and each Class Member *standardized*, computer-generated, letters to collect defaulted medical debts in which it: (i) combines one or more accounts belonging to an adult child into a single account; and (ii) sends the dunning letter to the parent of adult child, who is not legally responsible for payment of the debt. The common legal issues are whether MJRF's foregoing collection letters violated the FDCPA.

7. There are no individual issues other than identifying the individual class members, which is a ministerial task MJRF has already accomplished through a review of its business records.

8. Plaintiff's claims are typical of those of the class members—all are based on the same alleged facts and legal theories.

9. The Plaintiff has, and will continue to, fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Moreover, neither Plaintiff nor Class Counsel have any interests that might cause them not to vigorously pursue this action.

10. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2);

(b) Most Class Members are unaware of their rights and have no knowledge their rights were allegedly violated by MJRF;

(c) The interest of Class Members to individually control the litigation is small given the absence of actual damages and because statutory damages in an individual action are limited to a recovery of *up to $1,000.00*; and

(d) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

11. Accordingly, Plaintiff respectfully requests certification of a class action and final approval of the Parties' Class Settlement Agreement pursuant to Rule 23(b)(3), including an award of Class Counsels' fees, costs, and expenses. The grounds supporting class certification and final approval are further explained and supported by the accompanying Memorandum of Law, the Declarations of Joseph F. Mahan and Abraham Kleinman, the documents and pleadings on file with the Court, and any oral argument the Court may entertain by the Parties' counsel concerning this motion.

Respectfully submitted this 24th day of December 2018.

*s/ Abraham Kleinman*
Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, Nilgun Gadime, and the certified class*