UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

NILGUN GADIME, an individual; on behalf of
herself and all others similarly situated,

                Plaintiffs,

vs.

LAW OFFICE MULLOOLY, JEFFREY,
ROONEY & FLYNN, LLP,

                Defendant.
_____x

CASE NO.: 2:17-cv-00777-JMA-AKT

**FINAL APPROVAL ORDER**

      Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Nilgun Gadime, individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP ("MJRF"), the Court orders and finds as follows:

      1.      This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Class Members, and MJRF.

      2.      The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons with addresses in the State of New York, to whom The Law Office Mullooly, Jeffrey, Rooney & Flynn, LLP mailed a written communication between February 10, 2016, and March 2, 2017, which sought to collect a medical debt from the parent of an adult child.

      3.      Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class Members, and included whether or not MJRF violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* by, *inter alia*, mailing collection letters which: (i) combines one or more accounts belonging to an adult child into a single account, and (ii) MJRF sends the dunning letter to the parent of adult child, who is not legally responsible for payment of the debt; (C) Plaintiff's claim is typical of

Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorney, Abraham Kleinman, is hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to 469 Class Members by Heffler Claims Group, the court-appointed third-party settlement administrator ("Administrator"). A total of 34 envelopes were returned by the United States Postal Service, 1 of which was returned with a forwarding address and re-mailed. None of the Class Members requested exclusion from, or objected to, the Settlement. A total of 61 Class Members timely returned the proof of claim form and, therefore, are entitled to a share of the monetary benefits of the Settlement.

5. On January 3, 2019, the Court held a fairness hearing to which Class Members, including any with objections, were invited.

6. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by MJRF. In accordance with the terms of the Agreement, MJRF shall make the following payments:

(a) MJRF will create the following two settlement funds ("Class Recovery"):

- *Actual Damage Fund*. MJRF will create an Actual Damage Fund of $2,200.00. Each Class Member who did not exclude him/herself and who timely returned a claim form ("Claimants") is entitled to receive a payment from the Actual Damage Fund in an amount equal to 100% of the monies MJRF collected from each Claimant.

- *Statutory Damage Fund*. MJRF will also create a Statutory Damage Fund of $10,000.00, which shall be distributed *pro rata* to each Claimant.

- Claimants will receive their share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. Any Class Recovery checks not cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be disbursed in the following order: (i) to pay the costs associated with providing notice to the Settlement Class and administering the Settlement; and (ii) any remainder being donated as a *cy pres* award to Public Citizen, which is a nonprofit organization that does not participate in partisan political activities or endorse candidates for elected office, but which champions citizen interests before Congress, the executive branch agencies, and the courts.

(b) MJRF shall pay Plaintiff $3,500.00.

(c) MJRF shall pay Class Counsel $16,000.00 for his attorneys' fees and costs incurred in the action based on his hourly rate and hours expended which the Court finds reasonable. MJRF shall separately pay all costs of notice and administration incurred by the Administrator. Class Counsel shall not request additional fees or costs from MJRF or the Class Members.

8. The Parties grant the following releases:

(a) Plaintiff, including each and every one of her agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges MJRF, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for MJRF) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the date of the Agreement.

(b) Each Class Member who did not exclude themselves from the Settlement hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs, arising out of or related to MJRF's collection letters as alleged in Plaintiff's Complaint in the Litigation [Doc. 1].

(c) Plaintiff and each Class Member DO NOT release any defense they may have with respect to the underlying debts MJRF was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

3

    (d)    MJRF does NOT release its claims, if any, against Plaintiff or any Class Member for the payment of their alleged debts. The underlying debts MJRF sought to collect are unaffected by the Agreement. The Agreement does not prevent MJRF, or its clients, from continuing to attempt to collect any debts allegedly owed by Class Members.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

14. Plaintiff's Counsel shall file a final report with the Court identifying the amount and number of any uncashed checks and explaining the final distribution of the two settlement funds.

**IT IS SO ORDERED:**

/s/ ( JMA )
HONORABLE JOAN M. AZRACK
Judge, United States District Court

Dated: 2/28/19